[Civ. No. 1408.   Fourth Appellate District.—January 22, 1934.]

## ABRAHAM EIGENHUIS et al., Appellants, v. HARRY J. MORRIS et al., Respondents.

W. Frank Shelley for Appellants.

Halsey W. Allen for Respondents.

334

JENNINGS, J.—Plaintiffs instituted this action for the purpose of vacating a sale of certain real property in the city of Redlands theretofore made by the defendant Security First National Bank of Los Angeles to the defendant Harry J. Morris. From a judgment rendered in favor of the defendants plaintiffs have appealed.

The record on appeal discloses that the following facts were established by the evidence produced during the trial of the action: Plaintiffs were the owners of lots numbered 19 and 20, Ross & Rausch Addition in the city of Redlands. On May 5, 1930, they executed a promissory note in the amount of $500 payable on June 12, 1931, to James L. Worley and Bertie Worley as joint tenants. To secure payment of the note plaintiffs executed a trust deed conveying the above-described premises to the Security First National Bank of Los Angeles as trustee for the Worleys who were named as beneficiaries in the instrument. The trust deed contained a statement that it was "second to trust deed recorded June 28, 1928, . . . which secures a note of $2500.00". The prior trust deed was executed by plaintiffs and conveyed the same premises described in the second trust deed to the same trustee for the benefit of the same beneficiaries. The note for $500 secured by the second trust deed on the property was subsequently transferred by the Worleys to the defendant, Harry J. Morris, who paid therefor the sum of $500. On April 14, 1932, the plaintiff, Abraham Eigenhuis executed and recorded a declaration of homestead on lot 19. On February 17, 1931, a judgment was rendered in two actions for the foreclosure of certain mechanics' liens. The property upon which the liens were foreclosed was lot 19. The plaintiffs in the present action were named as defendants in the actions for foreclosure of the liens and defaulted. The judgments in the foreclosure actions decreed that lot No. 19 be sold to satisfy the liens of the plaintiffs in said actions and a commissioner was designated to make a sale of the property. On April 10, 1931, the said property was duly sold for the sum of $1900 to one C. S. Wiggins and the commissioner issued to said purchaser a certificate of sale. On April 20, 1932, the commissioner executed a deed conveying said lot No. 19 to C. S. Wiggins, the purchaser at the foreclosure

sale. In the meantime the note for $500 executed by plaintiffs as aforesaid was not paid at its maturity and the defendant Harry J. Morris demanded that the trustee named in the deed of trust given to secure payment of the note should sell the property described in the trust deed for the purpose of satisfying the indebtedness represented by the note. Notice of sale was accordingly given. Prior to the sale plaintiffs demanded that the trustee first offer for sale lot No. 20, upon which no declaration of homestead was recorded. The demand was refused and both parcels were sold as a whole on April 22, 1932. The defendant Harry J. Morris was the purchaser at said sale for the sum of $500. It appeared that the defendant Harry J. Morris had paid taxes assessed upon the property and interest due upon the prior note of $2,500 and that there was also interest due and unpaid on the second note. The total indebtedness due from plaintiffs to defendant Morris at the time of the sale of the property by the trustee amounted to $948.10. Application of the sum of $500, the purchase price of the property sold at the trustee's sale, left a deficiency of $448.10 due from plaintiffs to defendant Harry J. Morris.

It is the contention of appellants that the trial court erred in finding that the sum of $500 paid by respondent Harry J. Morris as the purchase price for the two parcels of land was not grossly inadequate and was not an unfair price and that if the trustee had sold lot No. 20 the proceeds from such sale would have been insufficient to satisfy the indebtedness secured by the second trust deed. The evidence as to the value of the two pieces of property was conflicting. The evidence of appellants indicated that the value of the two parcels on the date of sale was $8,200. The testimony of respondent Morris was that the value of the property was approximately $5,250 and that the value of lot No. 20 alone was $1750. Another witness for respondents placed a total valuation of $4,150 on both parcels and testified that the value of lot No. 20 was $1650. When it is remembered that both lots were subject to a prior encumbrance of $2,500 it is apparent that the court's findings that the purchase price paid by respondent, Morris, was not grossly inadequate, and that if the trustee had first sold lot No. 20 the proceeds therefrom would have been insufficient to satisfy the indebtedness secured by the second

trust deed, cannot be declared to be lacking in evidentiary support.

■ Apart from the question of inadequacy of price, however, the record shows the presence of another factor which is decisive of the contentions advanced by appellants. It is urged that, although the second trust deed vested in the trustee a discretion to sell the property either as a whole or in separate parcels, nevertheless, when it was made to appear that a declaration of homestead had been recorded as to one lot, and a demand was made that it first offer for sale the other lot, a duty was imposed upon the trustee to comply with the demand and to endeavor to satisfy the indebtedness by a sale of the lot upon which no declaration of homestead had been recorded. It is then further urged that a court of equity should set aside a sale made in violation of this duty.

The trial court found, however, that at the time of the trustee's sale the appellants had no interest of any character in lot No. 19 on which the homestead had been declared. This finding is supported by the undisputed evidence that long prior to the recordation of a homestead declaration a judgment had been rendered in actions for the foreclosure of mechanics' liens upon lot No. 19 in which appellants were named as defendants and in which they had defaulted, that the judgment decreed that lot No. 19 be sold to satisfy the liens, that a commissioner was appointed to conduct the sale, that the sale was duly made and a certificate of sale executed, that the year of redemption had expired, and that prior to the trustee's sale to respondent Morris a deed conveying lot No. 19 had been executed by the commissioner to the purchaser at the foreclosure sale. It is manifest, therefore, that the trial court's further finding that appellants "were not injured in any way by the sale of said two lots as a whole" is sustained by evidence which is undisputed and conclusive and appellants are in no position to complain of the court's decree.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.